**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

U.S DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

SEP 23 2026

FILED

LILLIAN ROSE ALBERDING, *
*
Plaintiff, *
*
v. * CV 126-193
*
ZSUZSANNA BORDAN, *
*
Defendant. *

# O R D E R

Plaintiff filed this action in the State Court of Richmond County, alleging Defendant's negligence and willful conduct proximately caused her injuries incurred when Plaintiff collided with Defendant's vehicle door while she was operating a Troxus Trax bicylcle/ebike. (See Compl., doc. 1-1.) Defendant removed on September 18, 2026, asserting jurisdiction based on diversity of citizenship. (Doc. 1, at 1-5.) Plaintiff does not allege a sum certain in total damages in the Complaint, only specifically claiming "past medical expenses of $21,439.84." (See Compl., ¶ 10.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice

of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

Here, Plaintiff does not request a specific amount of damages in the complaint beyond $21,439.84 in medical expenses. (See generally doc. 1-1.) To argue the amount in controversy threshold is satisfied, Defendant points to generic language regarding special, general, and punitive damages, as well as Plaintiff's response to admissions that total damages exceed $75,000. (See doc. 1, at 3-4; doc. 1-1, at 6; doc. 1-17, at 4.) Neither vague descriptions of potential damages, nor responses to requests for admissions are sufficient proof that Plaintiff's claims exceed the amount in controversy requirement. Langford v. Dolgencorp, LLC, No. 125-272, 2025 WL 3515259, at *3 (S.D. Ga. Dec. 8, 2025) (explaining stipulations and requests for future damages, absent itemization or documentation in support, do not satisfy burden to prove amount in controversy, and is any event, jurisdiction must exist at time of removal, not after), *adopted by* 2026 WL 27856 (S.D. Ga. Jan. 5, 2026); Streicher v. Sam's E., Inc., No. CV419-01, 2019 WL 1011815, at *3 (S.D. Ga. Mar. 4, 2019) ("[R]equests for admission are clearly aimed at establishing the amount in controversy and are akin to asking Plaintiffs to stipulate that the amount in controversy exceeds $75,000.").

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 751 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendant to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

As the time for Plaintiff's counsel to file a notice of appearance has not yet expired, the Court **DIRECTS** the **CLERK** to serve this Order by email and U.S. mail on Mr. Reed Clark at the addresses listed on the Complaint originally filed in the State Court of Richmond County. (See doc. 1-1, at 6.)

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of September, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA